

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00357-CR

_____

WILLIAM CHARLES WEBB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2012-678-C2; Honorable Phillip H. Zeigler, Presiding

April 17, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea bargain, Appellant pled guilty to the first degree felony offense of injury to a child.[1] Appellant also pled true to an enhancement paragraph, thereby raising the minimum period of confinement to 15 years.[2] As per the plea agreement, he was sentenced to twenty years confinement by the trial court. In presenting this appeal,

---

[1] See TEX. PENAL CODE ANN. § 22.04(a)(1), (e) (West Supp. 2014).

[2] See TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2014).

Appellant's counsel has filed an *Anders*[3] brief in support of her motion to withdraw. We grant counsel's motion and affirm.

In support of the motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief and Appellant did file a response. We have reviewed that response. The State did not favor us with a brief.

---

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this Court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

ANALYSIS

When we have an *Anders* brief filed by counsel and a *pro se* response filed by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief any potential non-frivolous issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

Here, we have independently examined the entire record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

3